IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                                                                                     No. 1:22-cr-1395-WJ

      v.

SHAHEEN SYED,

      Defendant,

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR REVIEW AND REVOCATION OF DETENTION ORDER AND ORDERING DEFENDANT RELEASED SUBJECT TO CONDITIONS OF RELEASE INCLUDING PLACEMENT AT A RESIDENTIAL RE-ENTRY CENTER

**THIS MATTER** is before the Court on Defendant Shaheen Syed's (aka Maiwand Syed's) Motion for Review and Revocation of Detention Order (**Doc. 17**). Defendant Syed seeks review and revocation of the Magistrate Court's Order of Detention Pending Trial (**Doc. 15**), as amended by (**Doc. 16**). For the reasons discussed in this Memorandum Opinion and Order, the Court finds the United States was entitled to a detention hearing; however, the Court finds the United States failed to show no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. Accordingly, Defendant's Motion is **GRANTED**, and the Court orders Defendant Syed released from custody pending trial subject to pretrial conditions of release to include halfway house placement and other conditions to be determined at a subsequent hearing.

1

**BACKGROUND**

Defendant Syed is charged with violating 18 U.S.C. § 924(a)(1)(A) by knowingly making a false statement on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 with respect to information required to be maintained in the records of a federal firearm licensee. **Doc. 1**. On August 10, 2022, Defendant Syed made an initial appearance before the Magistrate Court. After advising the Defendant of the charges against him and completing the required elements of an initial appearance, the Magistrate Judge asked the United States its position on detention. **Doc. 24** at 5. The United States responded that it would seek detention but requested a three-day continuance of the detention hearing. *Id.* at 6. At the initial appearance, the United States did not argue a basis under 18 U.S.C. § 3142(f) for holding a detention hearing.

On August 12, 2022, the United States filed a Motion to Detain. **Doc. 12**. In this motion, the United States argued the Defendant posed a flight risk and a danger to the community, but it did not specify a § 3142(f) basis for the detention hearing. A detention hearing was held on August 15, 2022. At the hearing, the Magistrate Court found no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and ordered the Defendant detained on that basis. At the hearing, the Magistrate Court did not identify a § 3142(f) basis for the detention hearing.[1]

---

[1] Following the hearing, the Magistrate Court issued an Order of Detention Pending Trial (**Doc. 15**), which identified § 3142(f)(2) as the basis for the detention hearing. Two days later, the Magistrate Court amended its order and issued a new detention order (**Doc. 16**), which changed the basis for the detention hearing to § 3142(f)(1). It is unclear based on the record why the Magistrate Court made its initial § 3142(f) finding or why it amended that finding. Regardless of whether the Magistrate Court had a proper basis for holding a detention hearing, that basis was never articulated on the record before or during the hearing; thus, the Defendant was not able to challenge the statutory basis for the hearing.

On September 19, 2022, Defendant Syed filed the instant motion under 18 U.S.C. § 3145(b), seeking this Court's review and revocation of his detention order. The Defendant makes two primary arguments in his motion: (1) as a threshold matter, the United States is not entitled to a detention hearing under § 3142(f), and (2) the Magistrate Court should not have detained Defendant Syed based on his danger to the community. Addressing each argument in turn, the Court concludes the United States was entitled to a detention hearing, however, the United States failed to show no condition or combination of conditions will reasonably assure the Defendant's appearance and the safety of the community. Thus, the Court orders Defendant Syed released pending trial subject to pretrial conditions of release.

## DISCUSSION

Defendant Syed seeks the Court's review and revocation of the Magistrate Court's detention order. "If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (citation omitted).

Under the Bail Reform Act, a defendant may be detained pending trial only if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The United States "must prove risk of flight by a preponderance of the evidence" and "dangerousness to any other person or the community by clear and convincing evidence." *Cisneros*, 328 F.3d at 616 (citations omitted). "In our society liberty is the norm, and detention

prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

A court may detain a defendant awaiting trial only after holding a detention hearing. "18 U.S.C. § 3142(f) . . . specifies the hearing procedure that must be followed before a defendant is detained." *Cisneros*, 328 F.3d at 614. Relevant to the parties' arguments, a judicial officer shall hold a detention hearing:

> (1) upon motion of the attorney for the Government, in a case that involves . . .
>
>> (E) any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm . . . or
>
> (2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—
>
>> (A) a serious risk that such person will flee . . . .

§ 3142(f).

## I.     § 3142(f) requires a threshold determination that a detention hearing is warranted.

As a threshold matter, Defendant Syed contends the United States was not entitled to a detention hearing and the Magistrate Court erred by holding one. According to the Defendant, a detention hearing may only be held if the United States moves for detention under § 3142(f) and a judicial officer finds a § 3142(f) basis for a detention hearing. Here, neither the United States nor the Magistrate Court identified a § 3142(f) basis for the detention hearing before or at the hearing. Thus, Defendant Syed argues "the Magistrate Court and the Government essentially skipped over the first step in the detention inquiry" and this "constitutes legal error." **Doc. 17** at 7. Defendant's argument is well taken.

The Tenth Circuit has not specifically addressed whether a detention hearing can be held when neither the United States nor the judicial officer identifies a § 3142(f) basis for the hearing.

However, the Court is persuaded that *United States v. Ailon-Ailon*, 875 F.3d 1334 (10th Cir. 2017), supports the conclusion that a judicial officer must find the United States entitled to a detention hearing under § 3142(f) before holding a hearing.

The Bail Reform Act "establishes a two-step process for detaining an individual before trial." *Ailon-Ailon*, 875 F.3d at 1336. At the first step, the United States or the judicial officer must move for pretrial detention under § 3142(f). *Id.* The Act specifies two circumstances in which a detention hearing shall be held: (1) upon the motion of the United States in cases where the defendant has been charged with one of the offenses enumerated in § 3142(f)(1)(A)-(E); or (2) upon the United States' or the judicial officer's own motion in cases involving either "a serious risk that that such person will flee" or "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." § 3142(f)(2)(A)-(B).

"If the court determines that there is such a risk," the Tenth Circuit has explained, "the government must prove at the second step of the process that there 'is no condition or combination of conditions' that 'will reasonably assure the [defendant's] appearance . . . as required [as well as] the safety of any other person and the community.'" *Ailon-Ailon*, 875 F.3d at 1336 (quoting § 3142(f)) (alterations in original). The Tenth Circuit's language "if the court determines that there is such a risk" refers to the "serious risk" of flight or obstruction of justice enumerated in § 3142(f)(2). Thus, *Ailon-Ailon* suggests that only "if the court determines" that a § 3142(f) basis exists should the court proceed to the second step of the inquiry: determining at a hearing whether detention is appropriate.

The Court's conclusion that § 3142(f) requires a threshold determination is also supported by Second Circuit precedent. *See United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019)

5

("First, however, the Government must establish by a preponderance of the evidence that it is entitled to a detention hearing. . . . Once the Government has demonstrated to the District Court that it is entitled to seek pretrial detention under § 3142(f), a judicial officer must promptly hold a hearing.").

Given that neither the United States nor the Magistrate Court identified a § 3124(f) basis for the detention hearing held on August 15, 2022, the question is how this Court should proceed. At this point, a remand for the Magistrate Court to consider whether there is a § 3142(f) basis for a detention hearing is both unnecessary and inefficient because this Court may also make that threshold determination. This Court has original jurisdiction over the charged offense in this case, *see* § 3145(b), and may review de novo Defendant Syed's detention order, *Cisneros*, 328 F.3d at 616 n.1. Thus, this Court may make the missing § 3142(f) determination as part of its de novo review—and the Defendant does not contend otherwise.

The Bail Reform Act is silent on the standard a judicial officer should apply when determining whether a detention hearing is warranted under § 3142(f), and Tenth Circuit precedent does not provide any guidance. However, the Second Circuit has held "the Government must establish by a preponderance of the evidence that it is entitled to a detention hearing." *Watkins*, 940 F.3d at 158. The Court finds the Second Circuit's holding persuasive and will apply the preponderance of the evidence standard to make the § 3142(f) determination.

**II.    The United States was entitled to a detention hearing under § 3142(f)(1)(E).**

Under the Bail Reform Act, a judicial officer shall hold a detention hearing "upon motion of the attorney for the Government, in a case that involves . . . any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm." 18 U.S.C. § 3142(f)(1)(E). Here, a detention hearing was appropriate because the United States demonstrated by a

preponderance of the evidence that the Defendant's felony charge "involves the possession . . . of a firearm."[2]

The parties' dispute boils down to a disagreement over how the Court should read the statutory language "involves the possession or use of a firearm." § 3142(f)(1)(E). The Defendant urges the Court to apply the categorical approach and look no further than the elements of the charged offense when determining whether the offense involves the possession or use of a firearm. In contrast, the United States argues the Court "may look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense." **Doc. 27** at 11 (citation omitted).

The Tenth Circuit has not passed on this issue, but both parties direct the Court to the Second Circuit's decision in *United States v. Watkins*, 940 F.3d 152 (2d Cir. 2019). The Court finds the Second Circuit's decision to be persuasive authority. In *Watkins*, the Second Circuit addressed the question of whether the charge of possession of ammunition as a convicted felon "involved the possession or use of a firearm" for the purposes of § 3142(f)(1)(E). 940 F.3d at 155. The Second Circuit held that it did, reasoning "the conduct underlying Watkin's possession-of-ammunition charge plainly involved the use of a firearm" because "Watkins discharged no fewer than nine bullets from an illegally possessed firearm." *Id.* at 167. In so concluding, the Second Circuit was required to interpret the statutory language at issue in this case: "involves the possession or use of a firearm."

---

[2] Because the Court finds the United States entitled to a detention hearing under § 3142(f)(1)(E), the Court need not address whether any other § 3142(f) subsection would provide a statutory basis for a detention hearing, nor does the Court need to address whether § 3142(f) provides an exhaustive list of circumstances under which the United States or a judicial officer may move for a detention hearing.

7

Like Defendant Syed, the defendant in *Watkins* argued "§ 3142(f)(1)(E) requires that the charged offense have, as an element, the use or possession of a firearm." *Id.* at 156. The Second Circuit rejected this argument, explaining "the phrase 'that involves' in § 3142(f)(1)(E) warrants a conduct-specific inquiry in which the judicial officer may look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense." *Id.* at 167. The Second Circuit reasoned, "the statute's context—both textual and historical—makes clear that Congress intended the word 'involves' to have a broader and more permissive meaning in § 3142(f)(1)(E) than in the prefatory language to § 3142(f)(1)." *Id.* at 166.

First, the Second Circuit looked to the text of the Bail Reform Act:

> the prefatory phrase "in a case that involves" in § 3142(f)(1) refers, variously, to a "crime," an "offense," and a "felony." Each of these terms suggests charged conduct. By contrast, the phrase "any felony . . . that involves" in § 3142(f)(1)(E) refers to a "minor victim" or "the possession or use of a firearm." These phrases suggest factual details surrounding the charged conduct. Accordingly, when analyzing whether the Government is entitled to a detention hearing under § 3142(f)(1)(E), we may consider the actual conduct at issue in the specific case.

*Id.* The Second Circuit also compared the language of § 3142(f) to language in other sections of the Bail Reform Act: "other sections of the Bail Reform Act suggest that courts should not consider the unique facts and circumstances surrounding a particular felony or offense by using phrases such as 'that has as an element' or 'that, by its nature, involves.'" *Id.* at 166 n.70 (citations omitted). "No such language appears in § 3142(f)(1)(E)." *Id.* "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act," the Second Circuit explained, "it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* (quoting *Dean v. United States*, 556 U.S. 568, 573 (2009)).

The Second Circuit next considered the historical context of the statute and concluded "Legislative history lends further support to this textual interpretation." *Id.* at 166.

8

> By using the phrase "that involves" in this subsection, Congress clearly intended for courts to pierce the veil of the charged offense and consider the conduct underlying the offense, including who was harmed and whether any firearms were used in the course of committing the offense.

*Id.* The panel in *Watkins* summed up its holding as follows: "the phrase 'that involves' in § 3142(f)(1)(E) warrants a conduct-specific inquiry in which the judicial officer may look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense." *Id.* at 167.

The Court is persuaded by the Second Circuit's interpretation of § 3142(f)(1)(E) and agrees that when determining whether the Defendant's felony charge involves the possession of a firearm the Court may "look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense," *id.*, and consider "the actual conduct at issue in the specific case," *id.* at 166. Here, Defendant Syed is alleged to have knowingly made a false statement on a Form 4473 about his current state of residence and address to procure two firearms. And, according to the United States, "the Defendant did procure and possess two AK-type semi-automatic rifles based on his statements provided on the ATF Form 4473." **Doc. 27** at 11. Moreover, at the detention hearing Special Agent Hutson testified that the Defendant appeared to have filled out the Form 4473 on or about June 9, 2021, and that the form indicated the firearms were transferred to the Defendant on or about June 11, 2021. **Doc. 25** at 13.

The Court acknowledges that Defendant Syed did not possess the firearm until after he filled out the form. However, the Defendant filled out the form to purchase a firearm, and two days after submitting the form two firearms were transferred into his possession. The Court is satisfied that the United States has demonstrated by a preponderance of the evidence that Defendant's felony charge "involved the possession . . . of a firearm." Accordingly, the United States was entitled to a detention hearing under § 3142(f)(1)(E).

Since a detention hearing was warranted, the Court may now proceed to the second step of the inquiry and determine "whether there are conditions of release that will reasonably assure the appearance of [Defendant Syed] as required and the safety of any other person and the community." 18 U.S.C. § 3142(g).[3]

### III. The United States has not shown detention is warranted.

The Magistrate Court ordered Defendant Syed detained based on his danger to the community. **Doc. 15**, as amended by **Doc. 16**. When reviewing a detention order de novo, the Court "must make an independent determination of the proper pretrial detention or conditions for release." *Cisneros*, 328 F.3d at 616 n.1.

The Court may order a defendant detained pending trial only if it finds "that no condition or combination of conditions will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). To make this finding, the Court considers the following factors:

> **(1) the nature and circumstances of the offense charged**, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

---

[3] The Defendant contends the United States cannot argue for detention based on the Defendant's risk of flight because the Magistrate Court previously found the United States had not established risk of flight by a preponderance of the evidence. **Doc. 32** at 6. According to the Defendant there is no statutory basis for the United States to seek this Court's review of a detention order, *see* 18 U.S.C. § 3145(a); thus, the only way the United States could argue the Defendant posed a risk of flight is via a motion to reconsider directed at the Magistrate Court. *Id.* The Court is not persuaded. As the Court of original jurisdiction over the charged offense, the Court is not confined by the Magistrate Court's previous ruling and may make an independent determination as to whether detention is proper based on either risk of flight or danger to the community. *See Cisneros*, 328 F.3d at 616 n.1; *see also United States v. English*, 629 F.3d 311, 320 (2d Cir. 2011) ("[T]he judge in charge of the case is not bound by prior rulings as to risk of flight."); *United States v. Maull*, 773 F.2d 1479, 1486 (8th Cir. 1985) ("The power to decide must finally reside in the Article III court. We thus cannot conclude that the government's failure to request detention before the magistrate, or for that matter at all, constrains the district court judge.").

> **(2) the weight of the evidence against the person**;
>
> **(3) the history and characteristics of the person**, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.**

§ 3142(g) (emphasis added). The United States "must prove risk of flight by a preponderance of the evidence" and "dangerousness to any other person or the community by clear and convincing evidence." *Cisneros*, 328 F.3d at 616 (citations omitted).

Having considered the written arguments of counsel (**Docs. 12, 13, 17, 19, 27, 32**), the transcripts of Defendant's initial appearance (**Doc. 24**) and the detention hearing (**Doc. 25**), Defendant's Pretrial Services Reports (**Docs. 10, 11, 38**), and the applicable law, the Court finds the United States has failed to show "that no condition or combination of conditions will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community." § 3142(e)(1).

### A.    The nature and circumstances of the offense charged

Defendant Syed is charged with knowingly making a false statement on a Form 4473 with respect to his current state of residence and address. **Doc. 1**. Specifically, the Defendant listed a Florida address on his Form 4473. The United States asserts the nature and circumstances of the offense charged support a finding that the Defendant is a flight risk and danger to the community.

As to the Defendant's danger to the community, the United States contends the nature and circumstances of the charge support detention because "lying to a firearm seller on an ATF form is a serious offense and it has serious implications, especially when it comes to tracing a firearm." **Doc. 25** at 104. The Defendant does not appear to dispute that a federal felony charge is serious. *See* **Doc. 25** at 112-13 ("Mr. Syed is in Federal Court charged with a felony, that's by definition serious."). However, Defendant points out he "is charged with a non-violent offense that carries no presumption of detention," **Doc. 17** at 10, and that "in the grand scheme of things" his charge—lying on a Form 4473—is "closer to a regulatory violation," **Doc. 25** at 113.

The Court has found as a threshold matter that the Defendant's charge involves the possession of a firearm; nevertheless, the charge is still a non-violent one. The United States presented evidence that two firearms were transferred to the Defendant two days after he submitted the Form 4473. **Doc. 25** at 13. But Special Agent Hutson acknowledged at the detention hearing that to his knowledge the two firearms transferred to the Defendant had not been used in a crime or transferred to a prohibited person. *Id.* at 64. The United States has not brought forward sufficient evidence that the nature and circumstances of the charge is such that no conditions of release can reasonably assure the safety of the community.

As to flight risk, the United States argues the Defendant poses a flight risk based on the nature and circumstances of the charge because he allegedly lied on the Form 4473 about residing in Florida and he appears to have a Florida commercial driver's license. *See* **Doc. 27** at 16. The United States maintains that these facts demonstrate a "willingness and ability to obtain identification cards on suspicious grounds," and the Defendant's "apparent time in Florida when he supposedly learned to be a commercial truck driver shows he may potentially have some connections there." *Id.* Absent other evidence about the nature and circumstances of the alleged

crime, Defendant Syed's potential connections to Florida based on his alleged false statement does not strongly suggest the Defendant is a flight risk.

In sum, the nature and circumstances of the charged offense weigh against detention.

### B. The weight of the evidence against the Defendant

On June 9, 2021, Defendant Syed filled out a Form 4473 and listed his current state of residence and address as 1817 S. Ocean Dr. Apt. 225, Hallandale Beach, FL 33009. In the Criminal Complaint, the United States alleged the Defendant lied on the Form 4473 because Defendant Syed told Special Agent Hutson he had lived in Albuquerque, NM, since 2016, and Special Agent Hutson was advised by Special Agent Creech that the apartment unit listed on Defendant Syed's Form 4473 had been occupied by another man for several years and the Florida apartment board did not have record of the Defendant living there. **Doc. 1** at 2. The day after the filing of the Criminal Complaint, Special Agent Hutson learned new information from Special Agent Creech. Contrary to the information contained in the Criminal Complaint, Special Agent Hutson learned a Russian couple had moved into the Florida apartment unit in May of 2021 and before that, the unit had been vacant since March 2020. **Doc 25** at 20. Special Agent Hutson also testified that another FBI agent had contacted a resident who allegedly lived in the Florida apartment building at the time Defendant Syed filled out the Form 4473. *Id.* at 21. According to Special Agent Hutson, the resident indicated Defendant Syed did not live in the apartment building in June of 2021 when the form was filled out. *Id.* The United States contends the weight of the evidence is strong and favors detention. The Defendant disagrees.

First, the Defendant questions the soundness of the United States' investigation because "interviewing a series of residents at an apartment complex who do not recall Defendant living there is hardly a foolproof method of investigation." **Doc. 13** at 7. At the detention hearing, Special

13

Agent Hutson testified that when he interviewed the Defendant, the Defendant indicated he had been in Florida for approximately two months in 2020 to train to become a truck driver and obtain a commercial driver's license. **Doc. 25** at 62. The Defendant attached a copy of what appears to be the Defendant's Florida commercial driver's license to his Response to United States' Motion to Detain. *See* **Doc. 13, Ex. 2.** The attached commercial driver's license was issued in February of 2021 and lists the same Florida address Defendant included on his Form 4473. The United States does not appear to dispute that the Defendant has some ties to Florida, but the timeline and nature of these ties is not completely clear. When Special Agent Hutson was questioned at the detention hearing about whether he had asked the Defendant about when exactly the Defendant had been in Florida, Special Agent Hutson could not recall. **Doc. 25** at 62-63. Additionally, Special Agent Hutson acknowledged at the hearing that he had not requested documentation from the Florida Department of Motor Vehicles regarding the Defendant's commercial driver's license. *Id.* at 63.

For now, the weight of the evidence against the Defendant does not favor detention.

### C.     The history and characteristics of the Defendant

The United States contends Defendant Syed's history and characteristics suggest he is a flight risk and a danger to the community. Under this factor, the Court is directed to consider:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;

§ 3142(g)(3)(A)-(B).

The United States contends Defendant Syed poses a danger to the community based on (1) cell phone location data linking the Defendant to his father—who is presently charged with two

14

homicides in Albuquerque, NM—on the day of one of the homicides; (2) evidence suggesting the Defendant lied to FBI agents about his association with his father and his father's vehicle; (3) two domestic violence incidents, one from November 29, 2019, and one from March 1, 2022; and (4) an incident where the Defendant's brother fired eleven shots at a vehicle in a Walmart parking lot while the Defendant was driving.

In seeking this Court's review, Defendant Syed argues the Magistrate Court placed too much weight on uncharged conduct in concluding the Defendant should be detained. **Doc. 17** at 9. Although the Defendant is under investigation for his possible involvement in the two homicides, neither the State of New Mexico nor the United States has brought charges against the Defendant based on these homicides. Further, the Defendant was not charged for the first alleged domestic violence incident or his alleged involvement as the driver in the Walmart parking lot shooting. Currently the Defendant has only one pending charge—a misdemeanor battery charge in the Bernalillo County Metropolitan Court based on the March 2022 domestic violence incident between the Defendant, his father, and his sister. Although the Court finds the evidence the United States presented at the detention hearing very troubling, the lack of charges associated with most of the conduct the United States relies on gives the Court pause.

The Defendant is 21 years old and has lived in Albuquerque, New Mexico, with his family since 2016 when he became a naturalized citizen. Prior to living in New Mexico, the Defendant lived in Quetta, Pakistan since birth. The Defendant graduated from Manzano High School in 2020. The Defendant is currently unemployed and not pursuing any additional education. The Defendant has no prior convictions for any felony or misdemeanor offenses.

As to the Defendant's danger to the community, the Court is not convinced the United States has demonstrated by clear and convincing evidence that no condition or combination of

conditions would reasonably assure the safety of the community. Likewise, the Defendant's history and characteristics do not suggest a strong risk of flight. Like many people in New Mexico, the Defendant has ties to foreign countries and is bilingual. This in and of itself does not make the Defendant a flight risk; moreover, since becoming a naturalized citizen in 2016, the Defendant does not appear to have traveled or lived outside of the United States. The United States also points to the Failure to Appear Warrant issued on April 4, 2022, in the pending misdemeanor battery charge as evidence that the Defendant has a history of nonappearance. However, the Defendant submitted evidence that he did not receive the summons. *See* **Doc. 13, Ex. 1.** Finally, the United States contends the Defendant is an increased flight risk after the detention hearing because the Defendant is now aware of the evidence the United States is gathering about his potential involvement in the two homicides. **Doc. 27** at 17. The Court is not persuaded. The Defendant's history and characteristics favor the imposition of conditions of release but do not favor detention.

### D. The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release

According to the United States, the Defendant would pose a significant danger if released because he lied on a federal form while purchasing a semi-automatic rifle, had multiple run-ins with the police for domestic disputes, and was driving the car when his brother fired a gun at another vehicle in a public place. *See* **Doc. 27** at 18. The Court agrees that the Defendant appears to be a danger to his sister and potentially his mother based on the domestic violence incidents, and the Court will impose conditions of release to address this danger. That said, at this point, the United States has not presented clear and convincing evidence that the Defendant poses a serious danger that cannot be mitigated by conditions of release. Thus, while the nature and seriousness of the danger posed by the Defendant favors the imposition of conditions of release, it does not favor detention.

## CONCLUSION

The United States was entitled to a detention hearing; however, the United States failed to establish "that no condition or combination of conditions will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). As discussed, the nature and circumstances of the offense charged, the weight of the evidence, the Defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community all weigh in favor of the Defendant's release subject to appropriate conditions of release. Accordingly, the Court **GRANTS** Defendant's Motion (**Doc. 17**) and orders Defendant Syed released from custody pending trial but subject to pretrial conditions of release to include halfway house placement and other conditions to be determined at a subsequent hearing.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE