IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                            No. 22-cr-1395-WJ

MAIWAND SYED a.k.a.
SHAHEEN SYED,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**THIS MATTER** is before the court on Defendant's Motion for Early Termination of Supervised Release (**Doc. 65**). The United States filed a motion in opposition (**Doc. 66**). After reviewing the parties' briefing and the applicable law, the Court finds the Motion is not well-taken and is therefore, **DENIED**.

### BACKGROUND

In August 2022, the United States charged Defendant by criminal complaint (**Doc. 1**) with a violation of 18 U.S.C. § 924(a)(1)(A)—making a false statement in connection with purchasing a firearm. Following the preliminary detention hearing, the Magistrate Judge ordered Defendant detained pretrial based upon a finding of dangerousness (**Doc 15**). 18 U.S.C. § 3142(e). Defendant was indicted by a federal grand jury on August 24, 2022, for the same offense (**Doc. 21**). On October 7, 2022, this Court granted Defendant's appeal of the pretrial detention order (**Doc. 42**).

Fast-forwarding a few months: Defendant entered into a Rule 11(c)(1)(C) plea agreement (**Doc. 61**). Pursuant to the Rule 11 plea agreement, Mr. Syed was sentenced to 70 days' imprisonment and 3 years of supervised release (**Doc. 64**).

Defendant's period of supervised release began on January 9, 2023, and the instant motion (**Doc. 65**) for early termination was filed on January 27, 2024.

The Government objects (**Doc. 66**) to Defendant's request for three reasons. First "Defendant has merely done what is expected of him." *Id.* **at 2**. Second, the Government asserts that Defendant's lack of "adjudicated criminal history is misleading." *Id.* **at 3**. Finally, the Government takes issue with Defendant's reliance on the fact his offense of conviction was "nonviolent." *Id.* **at 4**. In sum, the Government avers that neither the 18 U.S.C. § 3553(a) factors nor the interest of justice weigh in favor of early termination Defendant's supervised release. The Court agrees.

**DISCUSSION**

A district court may grant an early termination of supervised release—after one year has elapsed—so long as the Court considers the factors[1] in 18 U.S.C. § 3553(a) and the release is in the interest of justice. *See* 18 U.S.C. § 3583(e)(1); *United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (unpublished); *cf. Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) ("Whether to grant a motion to terminate a term of supervised release . . . is a matter of sentencing court discretion."); *United States v. Sheppard*, 17 F.4th 449, 455 (3d Cir. 2021) ("cut[ting] short" a term of supervised release rests in the district court's discretion). Based on the record in this case, the Court concludes that, at present, early termination of supervised release is unwarranted.

First, the Court must consider Mr. Syed's offense, history, and characteristics. 18 U.S.C. § 3553(a)(1). To date, Mr. Syed has complied with his postconviction supervised release. This is compelling. At the same time, however, the Court notes Defendant's Presentence Report (**Doc.**

---

[1] Defendant's Reply relies heavily on the fact Probation "does not opposed Mr. Syed's application for early termination." **Doc. 67 at 1**. The Court always gives weight to Probation's recommendations, but at the same time, the recommendation of Probation is not an enumerated Section 3553(a) factor the Court must consider.

**55**) indicated a history of domestic violence and proximity to gun violence. *Id.* at ¶¶ **32–35; Doc. 27**. Although Defendant is correct that he lacks "adjudicated" criminal history, "Defendant's involvement in violent incidents in the recent past," **Doc. 27 at 5**, is a cause for concern. On balance, this factor weighs against early termination. To weigh in favor of release, one's performance must be exceptional. *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (unpublished) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). That is because early termination is "not warranted as a matter of course." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Even full compliance with the terms of supervised release "does not warrant early termination." *United States v. Givens*, No. 14-cr-74, 2022 U.S. Dist. LEXIS 238215, at *1 (E.D. Ky. July 19, 2022). Put simply, if satisfactory performance on supervised release warranted termination of supervised release, "the exception would swallow the rule." *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (citation omitted).

Additionally, the Court notes that the sentence must reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(2). Early termination of Mr. Syed's supervised release would undermine[2] this factor. Here, Defendant pleaded guilty in open court. In so doing, he admitted to committing the charge and accepted responsibility for his actions. This is commendable, but part of accepting responsibility is also accepting the consequences. Terminating Defendant's supervised release at "the earliest possible time," **Doc. 66 at 2**, would downplay the seriousness of his criminal conduct while negating respect for the law. Plus, as expounded upon below, terminating supervise release

---

[2] *See, e.g., United States v. Roybal*, No. CR-12-3182, 2021 U.S. Dist. LEXIS 232751, at *18 (D.N.M. Dec. 6, 2021) (explaining early termination before Defendant completed "half his term" of supervised release "would not reflect its seriousness, promote respect for the law, adequately deter criminal conduct, or protect the public"); *United States v. Morgan*, No. CR-16-158, 2022 U.S. Dist. LEXIS 207, at *3 (W.D. Okla. Jan. 3, 2022) (same); *United States v. Steven*, 455 F. Supp. 3d 1092, 1099 (D. Kan. 2020); *United States v. Barnes*, 852 F. App'x 514 (11th Cir. 2021) (per curiam) ("Early termination would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.") (cleaned up).

after such a short time would send the wrong message to other offenders. This factor weighs against early termination.

The Court sentenced Mr. Syed to a custodial sentence below the Sentencing Guidelines range. *See* **Doc. 55 at 12** (stating USSG range is 6–12 months). In so doing, part of the Court's rationale for accepting the below the Guidelines plea agreement was that a significant period of supervision would fill the need of a longer term of incarceration. Accordingly, the Section 3553(a) factors[3] do not support Mr. Syed's request for early termination.

Finally, the Court is cognizant of the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(7). Mr. Syed's correctly calculated advisory Guidelines range was 10–16 months—before factoring in the reduction for acceptance of responsibility (**Doc. 55 at 7 & 13**). The parties agreed to a sentence of time-served or approximately 70 days incarceration (**Doc. 61**). At the time, part of the United States' logic in supporting the Rule 11(c)(1)(C) was that the sentence will include "a period of supervised release and a lifetime ban on possessing firearms." **Doc. 60 at 6**. Terminating his supervised release today would cut more than 60% of his remaining sentence and create an unwarranted disparity. This factor also weighs against early termination.

Supervised release is not punitive—it is meant to aid Defendant's rehabilitation. *See United States v. Johnson*, 529 U.S. 53, 59 (2000). And here, it appears to be serving its exact purpose. The Government opposed Defendant's motion, in part, because Mr. Syed has only completed a third

---

[3] This Court is not alone in concluding that the imposition of a below the Guidelines sentence weighs against a Defendant who later comes asking for early termination of supervised release. *See United States v. Mulay*, 537 F. Supp. 3d 1269, 1273–74 (D.N.M. 2021) (explaining the imposition of a "below the prescribed guideline range" weighs against early termination); *United States v. Fresquez*, No. 07-cr-403, 2023 U.S. Dist. LEXIS 105501, at *10–11 (D. Colo. June 16, 2023) (explaining that a "below the advisory Guideline range" sentence and completion of "a small portion" of the supervised release period "weigh against early termination"); *United States v. Zwiebel*, No. 06-cr-720, 2017 U.S. Dist. LEXIS 62059, at *4–5 (D. Utah Apr. 24, 2017) (same); *United States v. Yates*, No. 15-40063, 2023 U.S. Dist. LEXIS 79238 (D. Kan. May 1, 2023); *United States v. Swant*, No. 22-cr-121, 2023 U.S. Dist. LEXIS 196521, at *5–6 (D. Idaho Nov. 1, 2023) (explaining because the "original sentence was well below the guideline range," that "early termination is not favored"); *United States v. Cymerman*, No. 15-179, 2023 U.S. Dist. LEXIS 206095, at *8 (D.D.C. Nov. 17, 2023).

of his term of supervision. The Court finds this argument persuasive. Certainly, it appears that Mr. Syed is on the right path; however, additional time is warranted to accurately ascertain whether his reintegration is complete.

## CONCLUSION

Mr. Syed has made strides in rebuilding his life (**Doc. 65 at 3**) since his release and the Court commends his efforts. It is, of course, encouraging to see that Mr. Syed had made positive changes in his life. Nevertheless, upon consideration of the Motion and the Response (**Docs. 65 & 66**), the Court finds that, in its broad discretion, after considering the applicable factors in § 3553(a), early termination would not serve the interest of justice. *United States v. Begay*, 631 F.3d 1168, 1171 (10th Cir. 2011). Although Defendant has complied with his conditions of supervised release, compliance is the expectation, not the exception. Moreover, mere compliance cannot, nor does not, erase Defendant's history, circumstances, need for punishment, or deterrence.

**IT IS THEREFORE ORDERED** that for the above stated reasons, the Motion for Early Termination of Supervised Release (**Doc. 65**) is **DENIED.**

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE